**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANDRA RESPRETO-PEREZ, | No. 11-73946 |
| Petitioner, | |
| v. | Agency No. A077-999-746 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2014**

Before:     CANBY, SILVERMAN, and PAEZ, Circuit Judges.

Sandra Respreto-Perez, a native and citizen of Colombia, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's decision denying her application for asylum and

withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's finding that, even if she established membership in a particular social group, Respreto-Perez failed to qualify for asylum or withholding of removal because she did not show that the government of Colombia was unable or unwilling to protect her. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (record did not compel conclusion that government was unable or unwilling to control the perpetrators of the harm). Accordingly, Respreto-Perez's asylum and withholding of removal claims fail. *See Zehatye*, 453 F.3d at 1190.

In light of our conclusion, we need not address Respreto-Perez's contention regarding the agency's asylum time-bar finding. Further, we reject Respreto-Perez's contention that the agency ignored her sister's testimony, because she has not rebutted the presumption that the agency considered the entire record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**