**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANDRA RESTREPO-PEREZ, AKA Patricia Colon, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 15-71091 <br><br> Agency No. A077-999-746 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 15, 2018
San Francisco, California

Before: PAEZ and IKUTA, Circuit Judges, and ADELMAN,** District Judge.

Sandra Restrepo-Perez, a native and citizen of Colombia, petitions for

review of an order of the Board of Immigration Appeals denying her untimely

motion to reopen removal proceedings in light of *Matter of A-R-C-G-*, 26 I. & N.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

Dec. 388 (BIA 2014) (recognizing "married women in Guatemala who are unable to leave their relationship" as a particular social group for asylum and withholding purposes).

The Board concluded that its decision in *A-R-C-G-* was not a fundamental change in the law justifying an exercise of its *sua sponte* authority to reopen proceedings. The Board further concluded that even if *A-R-C-G-* had been a fundamental change, reopening was unwarranted because it would be futile. Specifically, the Board noted that Restrepo-Perez had failed to show that she would be able to overcome an independent obstacle to her eligibility for relief upon reopening by establishing that Colombian authorities were unwilling or unable to control her persecutor. *See Respreto-Perez v. Holder*, 553 F. App'x 687 (9th Cir. 2014) (mem.) (concluding, on consideration of a prior petition for review in these proceedings, that substantial evidence supported the Board's decision to deny Restrepo-Perez's asylum and withholding claims).

Setting aside the question of whether we have jurisdiction to review the Board's conclusion that *A-R-C-G-* was not a fundamental change in the law, we conclude that we lack jurisdiction to review the Board's determination, based on its assessment of the factual record, that reopening would be futile. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) (concluding that "this court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited

purpose of reviewing the reasoning behind the decisions for legal or constitutional error"). That discretionary determination provides independent and unreviewable grounds for the Board's order.

Therefore, the petition for review is **DISMISSED**.